**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARK LORENZO TURNER, JR.,** | ) | **CASE NO. 1:20 CV 2571** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **MENTAL HEALTH ADMIN., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Mark Lorenzo Turner, Jr., a prisoner incarcerated in Mansfield Correctional Institution ("MANCI"), brings this action under 42 U.S.C. § 1983 against the following defendants: MANCI; MANCI's Mental Health Administration; MANCI's Mental Health Administration Supervisor, Laura Garwood ("Garwood"); MANCI's Mental Health Liaison, Mr. Tabrizi ("Tabrizi").[1] Plaintiff alleges that Defendants denied him access to his mental health medication.

For the reasons that follow, Plaintiff's claims against MANCI and MANCI's Mental Health Administration are dismissed. Plaintiff's official capacity claims against Garwood and Tabrizi for monetary relief are also dismissed.

---

[1] Although the case caption lists "Mr. Tabaizi" as a defendant, Plaintiff addresses his complaint against "Mr. Tabrizi." This Court will therefore refer to this defendant as "Tabrizi."

**A. Background**

Plaintiff alleges that he suffers from mental health issues, has a documented history of suicide attempts in prison and in society, and has been taking medication to treat his mental health issues since 2012. ECF No. 1 at PageID ## 3, 4. He states in his complaint that he spoke with Tabrizi, his mental health liaison, approximately three times concerning his need for medication, to which Tabrizi allegedly responded that Plaintiff has "uncontrollable behavior and mental health would not put [him] on medication." *Id.* at PageID # 4. And then, Plaintiff contends, he was denied medication. *Id.* Plaintiff states that he also discussed with Tabrizi the possibility of Plaintiff entering programs for his mental health, but Plaintiff "never got into any programs for mental health." *Id.* Finally, Plaintiff states that he discussed his need for medication with Garwood, the supervisor of MANCI's Mental Health Administration, and "got denied." *Id.* at PageID # 4.

Plaintiff seeks damages, medication for his mental health, and transfer to a medical center while this action is pending.

**B. Standard of Review**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2) if it fails to state a claim upon which relief may be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law

or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

To survive scrutiny under 28 U.S.C. § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B)). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78. The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The Plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing Sistrunk, 99 F.3d at 197). That said, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of*

*Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**C. Law and Analysis**

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983, alleging that Defendants denied him access to his mental health medication. To state a claim under § 1983, Plaintiff must allege that a person acting under state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42 (1988). The Eighth Amendment's prohibition against cruel and unusual punishment proscribes punishment that is incompatible with "'the evolving standards of decency that mark the progress of a maturing society'" and, under that standard, obligates the government to provide medical care for incarcerated prisoners. *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 101, 78 S. Ct. 590, 2 L. Ed. 2d 630 (1958)). The government violates the Eighth Amendment with respect to inmate medical care when it is deliberately indifferent to a prisoner's serious medical needs. *Id.* at 105-06. This Court therefore construes Plaintiff's complaint as a claim that Defendants were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment.

As an initial matter, defendant MANCI is not a legal entity capable of being sued under § 1983. *See Brown v. Imboden*, No. 1:11 CV 529, 2011 U.S. Dist. LEXIS 94059, 2011 WL 3704952, at *2 (N.D. Ohio Aug. 23, 2011) (Mansfield Correctional Institution is not a legal entity capable of being sued or of bringing suit) (collecting cases). MANCI is a prison facility under the control of the Ohio Department of Rehabilitation and Correction ("ODRC") and Turner's claim against MANCI is properly construed as a claim against the ODRC. *See id.* This analysis applies equally to MANCI's internal department of mental health administration.

-4-

The ODRC, however, is an agency of the State of Ohio and is not a "person" for purposes of § 1983. *Henton v. Ohio Dep't of Rehab. & Correction*, No. 1:19 CV 462, 2019 U.S. Dist. LEXIS 156043, 2019 WL 4346266, at *1 (N.D. Ohio Sept. 12, 2019) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)).

Moreover, the State of Ohio and its agencies, are immune from suit under the Eleventh Amendment of the United States Constitution unless the State's immunity has been abrogated by Congress or the State of Ohio has consented to be sued. *See Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429, 117 S. Ct. 900, 137 L. Ed. 2d 55 (1997) (Eleventh Amendment immunity applies to state agencies and instrumentalities) (citations omitted). When enacting § 1983, Congress did not abrogate the State's Eleventh Amendment immunity. *Will*, 491 U.S. at 65-66. Nor has the State of Ohio consented to suit under § 1983. *See Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) (the State of Ohio has not waived its Eleventh Amendment immunity from suit in § 1983 cases).

Plaintiff's claims against MANCI and MANCI's Mental Health Administration are therefore dismissed pursuant to § 1915(e)(2)(B).

Additionally, to the extent Plaintiff is asserting claims against Defendants Garwood and Tabrizi for monetary damages in their official capacities, his claims are unavailing. The Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71; *see also Grinter*, 532 F.3d at 572 (6th Cir. 2008). As Defendants Garwood and Tabrizi are presumably employed by MANCI (and, therefore, ODRC), Plaintiff's official capacity claims against these defendants are construed as claims against the State of Ohio. And because the

State of Ohio is immune from suit, Plaintiff's official capacity claims against these Defendants for monetary relief are also barred under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity").

In light of the above, Plaintiff's claims against MANCI and MANCI's Mental Health Administration, along with any official capacity claims for monetary damages against Garwood and Tabrizi, fail to state a claim upon which relief may be granted. Accordingly, the Court finds that Plaintiff's claim for prospective injunctive relief may proceed against Defendants Garwood and Tabrizi sued in his/her official capacity, as well as any individual capacity claims against Garwood and Tabrizi.

**D. Conclusion**

For the foregoing reasons, the following purported claims of Plaintiff are dismissed pursuant to 28 U.S.C. § 1915(e): (1) claims against MANCI; (2) claims against MANCI's Mental Health Administration; and (3) official capacity claims for monetary damages against Garwood and Tabrizi.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

This action shall proceed solely on Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Garwood and Tabrizi in their official capacities for injunctive relief and against Defendants Garwood and Tabrizi in their individual capacities. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this Order in the documents to be served upon Defendants Garwood and

Tabrizi.

    **IT IS SO ORDERED**.

                                            s/Dan Aaron Polster   2/16/2021
                                          **DAN AARON POLSTER**
                                          **UNITED STATES DISTRICT JUDGE**